UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLIS A. GRAGG,

Petitioner - Appellant,

v.

K. PROSPER,

Respondent - Appellee.

No. 09-17268

D.C. No. 2:08-cv-02162-GGH
Eastern District of California,
Sacramento

ORDER

Before: D.W. NELSON, THOMPSON, and McKEOWN, Circuit Judges.

The memorandum disposition filed December 9, 2010, and appearing at

2010 WL 5030093, is withdrawn and replaced with the accompanying

memorandum disposition. With this amendment, the panel has voted to deny the

petition for panel rehearing. The petition for panel rehearing is denied and the

panel will entertain no further petitions for rehearing.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLIS A. GRAGG,<br><br>                 Petitioner - Appellant,<br><br>  v.<br><br>K. PROSPER,<br><br>                 Respondent - Appellee. | No. 09-17268<br><br>D.C. No. 2:08-cv-02162-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Submitted December 7, 2010[**]
San Francisco, California

Before: D.W. NELSON, THOMPSON, and McKEOWN, Circuit Judges.

Carlis A. Gragg appeals from the district court's denial of his petition for

habeas corpus filed pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Gragg was found guilty of making a criminal threat in violation of California Penal Code § 422. The California Court of Appeal affirmed the conviction in a reasoned decision. *People v. Gragg*, No. C053681, 2008 WL 933554 (Cal. Ct. App. Apr. 8, 2008). The California Supreme Court denied review without comment. The district court denied prisoner's federal habeas corpus petition, and issued a certificate of appealability under 28 U.S.C. § 2253(c).

The certified issue is whether admission of Jade Sprickman's statements in the 911 recordings violated Gragg's rights under the Confrontation Clause of the Sixth Amendment. To obtain relief under § 2254, Gragg must show that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). We review the decision of the California Court of Appeal, as the "last reasoned decision" of the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804-06 (1991).

We hold that the California Court of Appeal's characterization of the statements in both 911 calls as non-testimonial under *Davis v. Washington*, 547 U.S. 813 (2006), and thus not subject to the Confrontation Clause, was not an

2

unreasonable application of clearly established Federal law nor an unreasonable determination of the facts presented. *Davis* establishes that a statement is non-testimonial when made "under circumstances objectively indicating that the primary purpose of the interrogation is to enable police . . . to meet an ongoing emergency." *Id.* at 822.

Gragg argues that the state court unreasonably applied *Davis* when it failed to consider the evidence of Sprickman's alleged revengeful intent. However, Sprickman's alleged subjective intentions at the time she made the calls are irrelevant because the circumstances surrounding the calls *objectively* indicated an ongoing emergency situation. *See id.* Next, Gragg argues the state court failed to recognize the point at which the second call produced testimonial statements. The district court drew a line distinguishing the point at which it believed the second call began to produce testimonial statements, but concluded that because Gragg had a sufficient opportunity to cross-examine Sprickman, his Confrontation Clause rights were not violated. We take no position on these questions because, even assuming the portion of the second call was testimonial, and even if Gragg had, as he argues, an insufficient ability to cross-examine Sprickman, we must deny Gragg's habeas petition because he has failed to show the "substantial and injurious effect or influence" of these statements. *See Brecht v. Abrahamson*, 507

3

U.S. 619, 627 (1993).  The threats that were the basis of the conviction were not discussed during the disputed portions of the call.

**AFFIRMED.**